01

02

03

04

05

06                        UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
07                                     AT SEATTLE

08  RANDY DUFRESNE,                          )
                                             )   CASE NO. C12-5053-MAT
09              Plaintiff,                    )
                                             )
10       v.                                   )   ORDER RE:   SOCIAL SECURITY
                                             )   DISABILITY APPEAL
11  MICHAEL J. ASTRUE, Commissioner of        )
    Social Security,                          )
12                                            )
                Defendant.                     )
13  _____  )

14          Plaintiff Randy Dufresne appeals the final decision of the Commissioner of the Social

15  Security Administration ("Commissioner") which denied his applications for Disability

16  Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XIV

17  of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

18  administrative law judge ("ALJ").   For the reasons set forth below, the Commissioner's

19  decision is REVERSED and REMANDED for further administrative proceedings.

20                          I.   FACTS AND PROCEDURAL HISTORY

21          Plaintiff was born in 1968 and was 32 years old on the alleged disability onset date.

22  (Administrative Record ("AR") at 28.)   He has an eighth grade education and previously

01   worked as a cook helper, fast food worker, and short order cook.  (AR 28, 53-54, 171.)  He

02   was last gainfully employed on November 1, 2000.  (AR 167.)

03          In March 2008 he applied for DIB and SSI, alleging disability beginning on November

04   1, 2000.  (AR 144-45, 148-51.)  He asserts he is disabled due to orthostatic hypotension,

05   hepatitis C, headaches, history of left upper extremity cellulitis, cervical degenerative disc/joint

06   disease, polysubstance abuse (heroin, cocaine, alcohol, and marijuana), cognitive disorder

07   NOS, depressive disorder NOS, anxiety disorder NOS, and post traumatic stress disorder.  (AR

08   22.)

09          The Commissioner denied plaintiff's applications initially and on reconsideration.

10   (AR 93-103.)  Plaintiff requested a hearing which took place on August 25, 2010.  (AR

11   42-88.)  On December 10, 2010, the ALJ issued a decision finding plaintiff not disabled.  (AR

12   20-30.)  The Appeals Council denied plaintiff's request for review (AR 1-5), making the ALJ's

13   ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).

14   On January 24, 2011, plaintiff timely filed the present action challenging the Commissioner's

15   decision.  (Dkt. No. 1.)

16                          II.  JURISDICTION

17          Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§

18   405(g) and 1383(c)(3).

19                          III. DISCUSSION

20          The Commissioner follows a five-step sequential evaluation process for determining

21   whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

22   must be determined whether the claimant has engaged in substantial gainful activity.  The ALJ

ORDER
PAGE -2

01  found plaintiff had not engaged in substantial gainful activity since November 1, 2000, the

02  alleged onset date.   (AR 22.)   At step two, it must be determined whether the claimant suffers

03  from a severe impairment.   The ALJ found plaintiff had the following severe impairments:

04  orthostatic hypotension, hepatitis C, headaches, history of left upper extremity cellulitis,

05  cervical degenerative disc/joint disease, polysubstance abuse (heroin, cocaine, alcohol, and

06  marijuana), cognitive disorder NOS, depressive disorder NOS, anxiety disorder NOS, and post

07  traumatic stress disorder.   *Id*.   Step three asks whether the claimant's impairments meet or

08  equal the criteria of a listed impairment.   The ALJ found that plaintiff's impairments did not

09  meet or equal the criteria of a listed impairment.   (AR 23.)   If the claimant's impairments do

10  not meet or equal a listing, the Commissioner must assess residual functional capacity ("RFC")

11  and determine at step four whether the claimant has demonstrated an inability to perform past

12  relevant work.   The ALJ found plaintiff had the RFC to lift and carry 20 pounds occasionally

13  and 10 pounds frequently, and stand, walk, or sit for 6 hours in an 8-hour workday.   (AR 25.)

14  He can never climb ladders, ropes, or scaffolds, but he can occasionally climb ramps and stairs,

15  balance, stoop, crouch, kneel, and crawl; he should avoid concentrated exposure to poorly

16  ventilated areas, irritants such as fumes, odors, dust, chemicals, and gases, and unprotected

17  heights and moving machinery.   *Id*.   He can perform simple, routine, repetitive tasks, and is

18  capable of superficial contact with the general public, and basic work-related interaction with

19  coworkers and supervisors.   *Id*.   With that assessment, the ALJ found plaintiff was unable to

20  perform any of his past relevant work.   (AR 28.)

21         If the claimant is able to perform his past relevant work, he is not disabled; if the

22  opposite is true, then the burden shifts to the Commissioner at step five to show that the

ORDER
PAGE -3

01  claimant can perform other work that exists in significant numbers in the national economy,

02  taking into consideration the claimant's RFC, age, education, and work experience.   Based on

03  the testimony of the vocational expert, the ALJ found plaintiff retained the ability to perform

04  work that exists in significant numbers in the national economy, such as parking lot attendant,

05  stuffer-cushions, and assembler, and, therefore, was not disabled.   (AR 24-25.)

06       Plaintiff argues that the ALJ erred by:   (1) failing to include all of his limitations in the

07  hypothetical question to the vocational expert; (2) finding his testimony not credible; and (3)

08  failing to consider all of his impairments.   (Dkt. No. 15.)   He requests remand for an award of

09  benefits or, in the alternative, for further administrative proceedings.   *Id*. at 1.   The

10  Commissioner argues that the ALJ's decision is supported by substantial evidence, and should

11  be affirmed.   (Dkt. No. 17.)

12       A.   The ALJ's Step Five Analysis

13       At step five, the burden of production shifts to the Commissioner to show that the

14  claimant can perform other work that exists in significant numbers in the national economy,

15  given his age, education, work experience, and residual functional capacity ("RFC").   *Tackett*

16  *v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999).   The Commissioner may meet this burden by

17  eliciting the testimony of a vocational expert ("VE").   *Id.* at 1101.   In order for the VE's

18  testimony to constitute substantial evidence, the ALJ must pose a hypothetical "that reflects all

19  the claimant's limitations."   *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).   A VE's

20  testimony based on an incomplete hypothetical lacks evidentiary value to support a finding that

21  a claimant can perform jobs in the national economy.   *Matthews v. Shalala*, 10 F.3d 678, 681

22  (9th Cir. 1993) (citing *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)).

ORDER
PAGE -4

01          In this case, the ALJ found, based on the opinions of consultative examiner Thomas

02    Genthe, Ph.D., and DDS evaluators Edward Beaty, Ph.D., and James Bailey, Ph.D., that

03    plaintiff had the mental residual functional capacity ("RFC") to perform "simple, routine and

04    repetitive tasks," with superficial contact with the general public and basic work-related

05    interaction with coworkers and supervisors.   (AR 25, 28.)   The ALJ asked the VE whether an

06    individual with plaintiff's age, education, work experience, and RFC, could perform any work

07    existing in significant numbers in the national economy.   (AR 29, 79.)   In response, the VE

08    testified that plaintiff would be able to perform work that exists in significant numbers in the

09    national economy, such as parking lot attendant (Dictionary of Occupational Titles ("DOT")

10    915.473-010, sedentary to light exertional level and SVP 2, with 129,000 national jobs and

11    3,000 regional jobs); stuffer-cushions (DOT 731.685-014, sedentary to light exertional level

12    and SVP 2, with 300,000 national jobs and 5,700 regional jobs), and assembler (DOT

13    734.687-018, sedentary to light exertional level and SVP 2, with 230,000 national jobs and

14    3,000 regional jobs).   (AR 29, 81-82.)

15          Plaintiff argues that the ALJ's step five finding is erroneous because the VE's testimony

16    upon which that finding is premised is based on an incomplete hypothetical.   Plaintiff contends

17    that the hypothetical question did not include all of the nonexertional limitations established by

18    the doctors the ALJ purportedly relied upon.   Specifically, he asserts that the DDS evaluators

19    found plaintiff was able to understand, remember, and carry out "short/simple/routine tasks,"

20    and to maintain concentration, persistence, and pace for "short/simple/routine tasks," but the

21    ALJ erred by not including a limitation to performing "short" tasks in the hypothetical question

22    to the VE.   (Dkt. No. 15 at 9-10.)

ORDER
PAGE -5

01        The Commissioner concedes that the ALJ erred by not including a limitation to

02   performing "short" tasks in his hypothetical question to the VE.   (Dkt. No. 17 at 6-7.)

03   Nevertheless, the Commissioner argues this error was harmless because it did not affect the

04   result in this case.   He asserts that under the Social Security Administration Program

05   Operations Manual System ("POMS"), unskilled work necessarily involves the ability to

06   understand, remember and carry out "very short and simple instructions," and all of the jobs

07   identified by the VE were for unskilled work.   *Id.* (citing POMS DI 25020.010(B)(3)(b),

08   (B)(3)(c).   The Commissioner's contention that a limitation to unskilled work encompasses a

09   limitation to performing short tasks is not persuasive.

10        As plaintiff points out, the POMS refers to "short and simple *instructions*" not short and

11   simple "*tasks*."   *See* POMS DI 25020.010(B)(3)(b), (B)(3)(c).   Furthermore, as plaintiff

12   contends, the performance of unskilled work may nevertheless require the ability to perform

13   prolonged tasks.   Thus, a limitation to simple, routine, and repetitive tasks does not adequately

14   account for all of the limitations noted by Dr. Beaty and Dr. Bailey.   (Dkt. No. 18 at 2.)

15        Here, the DDS evaluating psychologists indicated that plaintiff had moderate cognitive

16   and social limitations.   (AR 347-48.)   Dr. Beaty found that plaintiff was moderately limited in

17   his ability to understand, remember, and carry out detailed instructions.   (AR 347.)   In

18   addition, plaintiff was moderately limited in his ability to maintain attention and concentration

19   for extended periods, and in his ability to complete a normal workday and workweek without

20   interruptions from psychologically based symptoms and to perform at a consistent pace without

21   an unreasonable amount of rest periods.   (AR 347-48.)   Dr. Beaty also found plaintiff was

22   moderately limited in his ability to interact appropriately with the general public.   (AR 348.)

ORDER
PAGE -6

01  Dr. Beaty opined that plaintiff retained the mental functional capacity to understand, remember,

02  and carry out short, simple, and routine tasks; and to maintain concentration, persistence, and

03  pace to perform short, simple, and routine tasks.  (AR 349.)  Dr. Bailey concurred with this

04  assessment.  (AR 455.)

05      The ALJ accepted the opinions of Dr. Beaty and Dr. Bailey.  However, the ALJ's

06  hypothetical to the VE referenced only "simple, routine and repetitive tasks, without including a

07  limitation to short tasks.  Thus, the ALJ did not afford the VE the opportunity to address

08  whether a limitation to short tasks might preclude plaintiff from performing gainful

09  employment.  As a result, the VE's testimony that plaintiff can perform work as a parking lot

10  attendant, stuffer-cushions, and assembler has no evidentiary value to support a finding that he

11  can perform these jobs.  *See Matthews*, 10 F.3d at 681.  The ALJ's determination that plaintiff

12  can perform work in the national economy may be erroneous and must therefore be reassessed.[1]

13      The Court has discretion to remand for further proceedings or to award benefits.  *See*

14  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may direct an award of

15  benefits where "the record has been fully developed and further administrative proceedings

16  would serve no useful purpose."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

17  _____

18      1 Plaintiff also asserts that the ALJ erred in his hypothetical to the VE because it did not

19  incorporate the opinion of treating provider Craig Talbot, M.D., that he was limited to sedentary
    work.  (Dkt. No. 15 at 9-10.)  However, the ALJ considered Dr. Talbot's opinion and

20  provided specific and legitimate reasons to reject it.  (AR 27.)  The ALJ, therefore, was not
    required to incorporate Dr. Talbot's opinion into the hypothetical to the VE.  As plaintiff has

21  failed to provide any argument supported by reasons to find the ALJ erred in rejecting the
    opinion of Dr. Talbot, the Court will not disturb the ALJ's findings.  *Zango, Inc. v. Kaspersky*

22  *Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("arguments not raised by a party in an
    opening brief are waived") (citing *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).

ORDER
PAGE -7

01    Such a circumstance arises when: (1) the ALJ has failed to provide legally
      sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding
02    issues that must be resolved before a determination of disability can be made; and
      (3) it is clear from the record that the ALJ would be required to find the claimant
03    disabled if he considered the claimant's evidence.

04  *Id.* at 1076-77.   Here, there are outstanding issues that must be resolved.   Therefore, remand is

05  appropriate to allow the Commissioner the opportunity to clarify his hypothetical and to

06  determine whether plaintiff is able to perform gainful employment in the national economy.

07          B.   The ALJ's Credibility Assessment

08          Plaintiff also contends that the ALJ improperly evaluated his subjective complaints.

09  (Dkt. No. 15 at 10.)   According to the Commissioner's regulations, a determination of whether

10  to accept a claimant's subjective symptom testimony requires a two step analysis.   20 C.F.R.

11  §§ 404.1529, 416.929; *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).   First, the ALJ

12  must determine whether there is a medically determinable impairment that reasonably could be

13  expected to cause the claimant's symptoms.   20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*,

14  80 F.3d at 1281-82.   Once a claimant produces medical evidence of an underlying impairment,

15  the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely

16  because they are unsupported by objective medical evidence.   *Bunnell v. Sullivan*, 947 F.2d

17  341, 343 (9th Cir. 1991) (en banc).   Absent affirmative evidence showing that the claimant is

18  malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's

19  testimony.   *Smolen*, 80 F.3d at 1284.

20          In this case, there was no evidence that plaintiff was malingering.   Consequently, the

21  ALJ was required to provide clear and convincing reasons to reject his testimony.   The ALJ

22  found plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but

ORDER
PAGE -8

01   that his statements concerning the intensity, persistence, and limiting effects of these symptoms

02   were not credible.   (AR at 26.)

03        Plaintiff asserts that the ALJ erred in rejecting his subjective complaints on the basis

04   that it was not fully corroborated by the medical record.   (Dkt. No. 10.)   "While subjective

05   pain testimony cannot be rejected on the sole ground that it is not fully corroborated by

06   objective medical evidence, the medical evidence is still a relevant factor in determining the

07   severity of the claimant's pain and its disabling effects."   *Rollins v. Massanari*, 261 F.3d 853,

08   857 (9th Cir. 2001); SSR 96-7p.   Here, the ALJ did not rely exclusively on the medical record

09   in rejecting plaintiff's credibility.   Rather, the ALJ also considered his daily activities (AR 26),

10   his inconsistent statements about his drug use, and his drug seeking behavior (AR 26-27),

11   which plaintiff does not challenge.   An ALJ may consider inconsistencies between a

12   claimant's activities and his subjective complaints.   *See Tonapetyan v. Halter*, 242 F.3d 1144,

13   1148 (9th Cir. 2001); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).   Likewise, an

14   ALJ may consider a claimant's inconsistent statements regarding his drug or alcohol use, and

15   his drug seeking behavior.   *See Thomas*, 278 F.3d at 959 (citing *Verduzco v. Apfel*, 188 F.3d

16   1087, 1090 (9th Cir. 1999) (relying on inconsistent statements about alcohol use to reject a

17   claimant's testimony)); *Edlund v. Massanari*, 253 F.3d 1152, 1157-58 (9th Cir. 2001) (finding

18   that evidence of drug seeking can serve as a basis to discredit a claimant's testimony).   The

19   ALJ's decision to discount plaintiff's testimony based on his daily activities, his inconsistent

20   statements about his drug use, and his drug seeking behavior is supported by substantial

21   evidence in the record.   Therefore, plaintiff does not establish that the ALJ erroneously

22   considered the lack medical evidence as a factor in his credibility analysis.

ORDER
PAGE -9

01          Citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997), plaintiff also asserts

02    that the only factors an ALJ may consider in evaluating a claimant's credibility are "his

03    reputation for truthfulness, inconsistencies in testimony or between testimony and conduct,

04    noted daily activities, a work record, or testimony from physicians concerning nature, severity,

05    and effect of symptoms which he complains."   (Dkt. No. 15 at 10-11.)   However, the factors

06    identified in *Light* are not the *only* factors an ALJ may consider in evaluating a claimant's

07    credibility.   *See Light*, 119 F.3d at 792 ("In weighing a claimant's credibility, the ALJ *may*

08    consider . . . .") (emphasis added).   The ALJ properly considered the medical evidence,

09    plaintiff's daily activities, his inconsistent statements about his drug use, and his drug seeking

10    behavior.   The ALJ's credibility determination is affirmed.

11          C.   <u>The ALJ's Consideration of Plaintiff's Impairments</u>

12          Plaintiff contends that the ALJ failed to properly consider the limitations from his

13    hepatitis C, cervical degenerative disc/joint disease, and cellulitis, asserting that "[t]he issue of

14    fatigue is not even mentioned by the Administrative Law Judge."   (Dkt. No. 15 at 11-12.)

15    However, plaintiff fails to provide any meaningful argument in support of his claims.   Rather,

16    he simply states:   "The claimant testified that he has severe fatigue and even a walk to the store,

17    4 blocks from his apartment, puts him down for the day.   The neck pain is also recorded in

18    2002 and 2009.   The claimant also is limited by recurrent abscesses or infections, which

19    frequently included MRSA bacteria, and have required hospitalizations on multiple occasions."

20    (Dkt. No. 15 at 12 (internal citations omitted).)

21          The Court need not address an alleged error that is not argued with any specificity in the

22    party's briefing.   *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir.

ORDER
PAGE -10

01  2008); *Zango*, 568 F.3d at 1177 n. 8 ("arguments not raised by a party in an opening brief are

02  waived") (citing *Eberle*, 901 F.2d at 818).   Moreover, contrary to plaintiff's contention, the

03  ALJ specifically discussed plaintiff's hepatitis C, cervical degenerative disc/joint disease, and

04  cellulitis,  including  his  fatigue  and  neck  pain,  in  the  decision.   (AR  22-23,  26.)

05  Fundamentally, plaintiff asks for a different weighing of the evidence from that conducted by

06  the ALJ.   However, the findings of the Commissioner, if supported by substantial evidence,

07  "shall be conclusive."   *Smolen*, 80 F.3d at 1279.   Plaintiff has not established error in the

08  ALJ's consideration of his physical impairments.

09                    IV.   CONCLUSION

10          For  the  foregoing  reasons,  the  Commissioner's  decision  is  REVERSED  and

11  REMANDED for further administrative proceedings not inconsistent with this Order.

12          DATED this <u>1st</u> day of August, 2012.

13

14                                    _____

15                                    Mary Alice Theiler
                                      United States Magistrate Judge

16

17

18

19

20

21

22

ORDER
PAGE -11